**The STATE of Ohio, Appellee,**

**v.**

**RODRIGUEZ et al., Appellants.**

[Cite as *State v. Rodriguez* (1989), 65 Ohio App.3d 151.]

Court of Appeals of Ohio,
Lorain County.

Nos. 89CA004558–89CA004561, 89CA004574 and 89CA004595.

Decided Oct. 25, 1989.

**152**

■■■■■■■

*Gregory A. White*, Prosecuting Attorney, for appellee.

*James M. Burge*, for appellants.

---

*Per Curiam.*

Defendants-appellants appeal the denial of their petitions for post-conviction relief. Appellants claim that the trial court erred in imposing indefinite sentences for violation of R.C. 2925.03 (trafficking in drugs), as R.C. 2929.-11(B) and 2925.03 permit the imposition only of a definite sentence for violations of R.C. 2925.03. We affirm.

Defendants-appellants, Perfecto Rodriguez, a.k.a. Tito, Jose Gonzalez, Jose Rodriguez and James F. Anadell, were convicted of violating either R.C. 2925.03(A)(5) or 2925.03(A)(7). Appellants received sentences ranging from a minimum of three to a maximum of fifteen years' imprisonment with three years' actual incarceration, to a minimum of seven to a maximum of twenty-five years' imprisonment with seven years' actual incarceration. Appellants did not challenge these sentences at trial or on direct appeal. Appellants raise issue with the sentences for the first time on post-conviction relief in motions to vacate the sentences imposed by the trial court. The trial court denied the motions.

## Assignment of Error

"The trial court erred, and to the prejudice of appellants, in imposing indefinite sentences for violations of R.C. 2925.03(A)(7), in that the applicable sentencing provisions of the Revised Code, i.e. R.C. 2929.11(B) and R.C. 2925.03(C)(6), permit the imposition of a definite sentence only."

■ We need not reach the merits of appellants' assignment of error. Appellants' claims were not raised at trial or on direct appeal, and these claims could have been raised in previous proceedings. Under the doctrine of

*res judicata,* appellants' claims are precluded from consideration in post-conviction relief proceedings.

In *State v. Hall* (Apr. 20, 1988), Lorain App. No. 4257, unreported, 1988 WL 38891, the appellant claimed that the trial court lacked specific subject matter jurisdiction to sentence appellant to an indefinite sentence. We held that post-conviction relief is appropriate only when it concerns errors based upon facts and evidence *dehors* the record. *Id.* Appellant's claim was based upon facts and evidence on the record, therefore, we held that the claim was *res judicata.* See, also, *State v. DiMase* (Sept. 23, 1987), Medina App. No. 1566, unreported, 1987 WL 17925.

In *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, the Supreme Court of Ohio held:

"A prisoner is entitled to postconviction relief under Section 2953.21 *et seq.,* Revised Code, only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution of the United States Constitution.

"* * * *

"Where a judgment of conviction is rendered by a court having jurisdiction over the person of the defendant and jurisdiction of the subject matter, such judgment is not void, and the cause of action merged therein becomes *res judicata* as between the state and the defendant.

"Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 et seq., Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him.

"* * * *

"Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial,* which resulted in that judgment of conviction, *or on an appeal* from that judgment." (Emphasis sic.) *Id.* at paragraphs four, six, seven and nine of the syllabus.

In the case *sub judice,* appellants claim that the trial court failed to properly sentence appellants pursuant to the sentencing provisions of the Ohio Revised Code, in that their sentences were imposed in accordance with the general statutory scheme for the degree of felony involved, rather than the specific statutory provision for the particular drug offense involved. We hold

that appellants' claim is based upon facts and evidence on the record. This matter should have been raised at trial or on direct appeal and is now *res judicata*. The assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

CACIOPPO, P.J., and BAIRD, J., concur.

QUILLIN, J., dissents.

QUILLIN, Judge, dissenting.

I would reach the merits of appellants' claim. Appellants assert that the trial court lacked the power to sentence them to indefinite sentences. A court has no power to substitute a different sentence for that provided by law. *Colegrove v. Burns* (1964), 175 Ohio St. 437, 438, 25 O.O.2d 447, 447, 195 N.E.2d 811, 812. If it does so, the trial court exceeds its authority and the sentence must be considered void. *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 14 OBR 511, 512, 471 N.E.2d 774, 775; *State v. Dickens* (1987), 41 Ohio App.3d 354, 355, 535 N.E.2d 727, 728.

*State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, stands for the proposition that the doctrine of *res judicata* is applicable to voidable claims which were or could have been raised on direct appeal. A void judgment can be attacked in post-conviction relief proceedings even if the matter could have been, but was not, raised on direct appeal. If the appellants' sentences are void, the doctrine of *res judicata* is inapplicable. I would consider the merits of appellants' claim.