This is an appeal from an Athens County Common Pleas Court judgment which dismissed a postconviction relief petition filed by Harold L. Fuller, petitioner below and appellant herein. Appellant assigns the following errors for our review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY NOT PROVIDING ADEQUATE FINDINGS OF FACT AND CONCLUSIONS OF LAW."
SECOND ASSIGNMENT OF ERROR:
 "CERTIFIED CONFLICT WITH THE STATUTORY PROVISIONS PROVIDED BY THE OHIO CONST. AND THE DECISION BY THE TRIAL COURT." (SIC)
THIRD ASSIGNMENT OF ERROR:
 "CONFLICT OF SENTENCE AND PARTIAL TERMINATION OF SENTENCE." (SIC)
FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN NOT GRANTING ISSUES TWO AND THREE."
The instant appeal emanates from appellant's second postconviction relief petition. Our decision in appellant's previous appeal of his first postconviction relief petition provides a detailed account of the pertinent facts. In State v.Fuller (Nov. 21, 1995), Athens App. No. 95CA1653, unreported (Fuller II), we wrote:
 "The appellant was originally indicted on one count of aggravated robbery, one count of grand theft, one count of having weapons under disability, one count of carrying a concealed weapon, and one count of tampering with evidence. Prior to trial, the appellant pled guilty to having a weapon under disability after the trial court denied his motion to sever the charge of weapons under disability from the remaining charges.
 At trial, an eyewitness to the alleged crime identified the appellant as the person who had robbed the store in question. Additionally, evidence was presented that only minutes after the alleged robbery, the appellant was found in a truck which contained the money from the store and a loaded .25 caliber automatic pistol under the seat of the truck. The appellant was convicted of the remaining four counts.
 The appellant appealed this conviction to this court. This court reversed the appellant's conviction for tampering with the evidence but overruled the rest of the appellant's assignments of error. The same counsel which represented the appellant at trial represented him for that appeal. The appellant then attempted to appeal to the Ohio Supreme Court, but that appeal was dismissed.
 On July 14, 1994, the appellant filed a petition to vacate sentence. Part A of the petition alleged that he was not advised by his trial counsel that a plea of guilty to the having a weapon under disability charge would act as a waiver of all of his pre-trial motions. Therefore, the appellant claims that his plea was not voluntary because of the ineffective assistance of his trial counsel. Part B of the petition alleged that the appellant's trial counsel was ineffective because he should have challenged in a pre-trial motion the testimony regarding the statements he allegedly made to the police after his arrest. Part C of the petition alleged that his trial counsel should have moved to suppress the findings of appellee's ballistic expert because the expert failed to test fire the weapon in question. Finally, Part D of the petition alleged that the trial court erred in refusing to separate the issue of the appellant's prior robbery conviction from factual issues of the immediate case.
 The appellant moved to amend the petition on August 4, 1994, in order to request an evidentiary hearing. Also on this date, the appellant moved for summary judgment arguing that the appellee's failure to respond to the original petition in a timely manner were grounds for summary judgment. The appellee filed a response to the appellant's petition and motion for summary judgment on August 11, 1994. On August 26, 1994, the appellant withdrew his motion for summary judgment.
 On November 19, 1994, the trial court denied parts B and C of the appellant's petition, but stated that an evidentiary hearing was needed to rule on parts A and D. On the same date, the trial court filed findings of fact and conclusions of law regarding the parts of the appellant's petition which had been denied without an evidentiary hearing. The evidentiary hearing on parts A and D was scheduled for December 13, 1994.
 At this hearing, the trial court permitted the appellant to withdraw his guilty plea to the weapons under disability charge. The appellant then entered a plea of not guilty. At the same time, the appellee moved to nolle prosequi the weapons under disability charge. The trial court accepted the appellee's motion. This appeal follows."
On September 10, 1999, appellant filed the instant (and successive) postconviction relief petition.[1] The trial court dismissed appellant's petition without conducting an evidentiary hearing. The trial court's September 15, 1999 judgment entry provides in pertinent part:
 "Fuller's petition may be barred as untimely and/or pursuant to the doctrine of res judicata.
However, assuming the Court could reach the merits of the petition, it would find the petition subject to dismissal."
* * *
 "To the extent Fuller may be arguing that the Court's dismissal of count three (weapons under disability) resulted, or should have resulted, in the dismissal of all the charges against him, such a position is untenable and clearly without merit.
 To the extent Fuller argues that the Court failed to apply proper statutory criteria and considerations in imposing sentence, Fuller could have advanced such a claim on direct appeal or in one of his earlier postconviction filings herein. The claim is now waived. Regardless, the claim takes issue with the Court's exercise of "judicial discretion' in considering Fuller's sentence, a matter not appropriate for consideration in postconviction matters under R.C. 2953.21, which are limited to constitutional issues. State v. Walden (1984), 19 Ohio App.3d 141."
Initially, we will consider whether appellant timely filed his postconviction relief petition. R.C. 2953.21(A)(2) provides that a petitioner must file a postconviction relief petition within six months from the time the transcript in his direct appeal is filed. If, however, a petitioner was sentenced prior to the act's effective date, the petition must be filed under the time guideline set forth in R.C. 2953.21(A)(2) or within one year from the act's effective date, whichever is later.[2] SeeState v. Schulte (1997), 118 Ohio App.3d 184, 692 N.E.2d 237.
In the case sub judice, because appellant's transcript and direct appeal (decided on October 4, 1993), occurred long before the act's effective date, appellant had one year after the effective date (to September 21, 1996) to file his petition. See R.C. 2953.21(A)(2). Thus, appellant filed his September 10, 1999 postconviction relief petition long after the time limit had elapsed. See State v. Wilburn (Sept. 29, 1997), Lawrence App. No. 97CA7, unreported; State v. Rayburn (Aug. 27, 1997), Gallia App. No. 97CA3, unreported; State v. Kanawalsky (June 30, 1997), Meigs App. No. 96CA26, unreported; State v. Vroman (Apr. 15, 1997), Ross App. No. 96CA2258, unreported.
We further note that appellant did not allege under R.C.2953.23 that he should be permitted to file his petition after the expiration of the statutory time limitation. R.C. 2953.23
governs the time limit for filing successive petitions for postconviction relief. Under the statute, the trial court is forbidden to entertain successive petitions filed after the one hundred eighty day time limit in R.C. 2953.21(A), unless certain conditions are met. First, the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since the last petition, recognized a new federal or state right that applies retroactively to the petitioner. R.C. 2953.23(A)(1). Second, the petitioner must also show, by clear and convincing evidence, that but for the constitutional error, a reasonable factfinder would not have found him guilty. R.C. 2953.23(A)(2).
Because appellant did not show either of the requisite criteria in R.C. 2953.23, he is bound by the limit found in R.C.2953.21(A)(2). Thus, in the case at bar the trial court was not permitted to entertain his petition. As such, appellant's petition was untimely, and the petition was appropriately denied without a hearing.
Additionally, we agree with the trial court that res judicata
applies to bar raising piecemeal claims in successive postconviction relief petitions that could have, but were not, raised in the first postconviction relief petition. Thus, if claims in the petitioner's second petition could have been raised in the first petition, a showing of good cause pursuant to R.C.2953.23(A) must explain why the claims were not advanced in the first petition.
We note that in the instant case, appellant failed to show why the issues in his second petition should be considered. Appellant had ample opportunity in his direct appeal and in his first postconviction relief petition to raise the claims included in the instant postconviction relief petition. Furthermore, we point out that appellant's claims do not involve evidence outside the record. See discussion, infra, and State v. Coombs (1994),100 Ohio App.3d 90, 652 N.E.2d 205; State v. Rodriguez (1989),65 Ohio App.3d 151, 583 N.E.2d 347.
Assuming, however, that appellant had timely filed his postconviction relief petition, we agree with the trial court's conclusion that appellant's claims are without merit. The purpose of postconviction relief is to provide a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the United States or the Ohio Constitution.Freeman v. Maxwell. Warden (1965), 4 Ohio St.2d 4,210 N.E.2d 885. R.C. 2953.21 provides that any person convicted of a criminal offense and claiming a denial or infringement of constitutional rights may file a petition requesting the sentencing court to vacate or set aside the judgment. See Statev. Grover (1995), 71 Ohio St.3d 577, 645 N.E.2d 1246; State v.Powell (1993), 90 Ohio App.3d 260, 629 N.E.2d 13. A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on the judgment. State v. Steffen (1994), 70 Ohio St.3d 399,639 N.E.2d 67, citing State v. Crowder (1991), 60 Ohio St.3d 151573 N.E.2d 652. To prevail on a postconviction relief petition, a petitioner must show that a denial or infringement of his constitutional rights has occurred. State v. Powell (1997), 90 Ohio St.3d 260 [90 Ohio App.3d 260], 629 N.E.2d 13, jurisdictional motion overruled 68 Ohio St.3d 1436, 625 N.E.2d 624.
When filing a petition for postconviction relief, the petitioner may request an evidentiary hearing. R.C. 2953.21(A). A hearing is not automatically required, however, for every postconviction relief petition that is filed. State v. Jackson
(1980), 64 Ohio St.2d 107, 110, 413 N.E.2d 819, 822. R.C. 2953.21
and case law require the petitioner to file supporting affidavits and other documentary evidence to support his claim for relief. The court must review the record to determine whether to hold an evidentiary hearing.[3]
Thus, the trial court need not hold an evidentiary hearing if the petition, files and records of the case demonstrate that the petitioner is not entitled to relief. R.C. 2953.21(E). Our review, therefore, focuses upon whether, as a matter of law, the petition, the record, and supporting affidavits established substantive grounds for relief and the resultant need for a hearing on the merits.
 I
In his first assignment of error, appellant points out that if a trial court dismisses a postconviction relief petition without conducting an evidentiary hearing, the court must issue findings of fact and conclusions of law. See R.C. 2953.21(C). In the case at bar, appellant asserts that the trial court failed to issue adequate findings of fact and conclusions of law and, thus, failed to comply with the statute. We disagree with appellant.
A trial court must conduct an evidentiary hearing if substantive grounds for relief exist. If, however, no grounds for relief exist, the court shall make and file findings of fact and conclusions of law and enter judgment denying relief on the petition. R.C. 2953.21(G). The court's findings and conclusions must be clear, specific and complete in order for a reviewing court to determine the basis for a trial court's judgment. Statev. Clemmons (1989), 58 Ohio App.3d 45, 568 N.E.2d 705, citingState v. Lester (1975), 41 Ohio St.2d 51, 322 N.E.2d 656. Additionally, even when a trial court has not used the label "findings of fact" or "conclusions of law," a reviewing court, in order to facilitate meaningful appellate review, will review the judgment to determine if the trial court included adequate findings and conclusions. See, generally, State v. Young (Jan. 18, 1996), Lawrence App. No. 95CA1, unreported.
In the case sub judice, we find that the trial court's judgment contains adequate findings and conclusions, and the judgment properly disposes of appellant's claims. We agree with the trial court's conclusion that in the case at bar substantial grounds for relief do not exist.
Accordingly, we overrule appellant's first assignment of error.
 II
In his second assignment of error, appellant asserts that the trial court and the prosecution committed an "improper process of law" by dismissing the charge of having a weapon while under a disability. Appellant apparently asserts that the dismissal, obtained after the trial court found merit in one claim in appellant's first postconviction relief petition, somehow "caused a deletion to all counts of the indictment * * * rendering the indictment void."
We agree with the trial court that appellant's assertion that the subsequent dismissal of the weapons under a disability (count three) charge should have resulted in a dismissal of all of the charges lodged against appellant is meritless. We do not believe that the dismissal, which obviously benefitted appellant, violated the Rules of Criminal Procedure or deprived appellant of the due process of law.
Accordingly, we overrule appellant's second assignment of error.
 III
In his third assignment of error, appellant asserts that the trial court erred in determining and fashioning an appropriate sentence. Appellant's postconviction relief petition contends that the trial court erred by failing to consider the pertinent statutory factors. We disagree with appellant.
First, we note that appellant's claim does not allege some constitutional depravation. Thus, the trial court may not grant relief under R.C. 2953.21. Coombs, supra. We further note that appellant did not advance this claim either during his direct appeal or during his first postconviction relief petition. Finally, we point out that a trial court may dismiss a postconviction relief petition when the petitioner fails to cite and produce evidence outside the record to support his claim. SeeState v. Kapper (1983), 5 Ohio St.3d 36, 448 N.E.2d 823; State v.Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819. In the instant case, appellant's petition does not refer to evidence outside the record.
Accordingly, we overrule appellant's third assignment of error.
 IV
In this fourth assignment of error, appellant asserts: (1) that if the trial court was "uncertain of [appellant's] the argument," the court should have afforded appellant the opportunity to advance and submit a "clearer" argument; and (2) that the trial court did not provide the prosecution with a "fair opportunity to preserve it's (sic) position," thus "prejudicing the State." Appellant further asserts that the trial court decided the matter too quickly and exhibited bias and prejudice toward appellant. We disagree with each of the appellant's assertions.
In view of our disposition of appellant's assignments of error, we obviously believe that the trial court devoted the necessary time and attention to appellant's postconviction relief petition. Further, we find no evidence to establish appellant's claim that the trial court has acted in a biased or prejudicial manner, or that appellant's claims, although not a model of clarity, were disregarded or misunderstood by the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J. Concur in Judgment Opinion
For the Court
 BY: _____________________________ Peter B. Abele, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] In addition to appellant's direct appeal and Fuller II mentioned above, appellant has filed an application to reopen hisFuller II appeal (see State v. Fuller (May 21, 1996), Athens App. No. 95CA1653, unreported), an application to reopen his direct appeal (see State v. Fuller (March 2, 1998), Athens App. No. 92CA1551, unreported, and a petition for a writ of habeas corpus (denied and dismissed in Fuller v. Russell (Feb. 11, 1999), United States District Court, Southern District of Ohio (E.D.), Case No. C2-98-288)
[2] The Ohio General Assembly created this time limit through Am.Sub.S.B. No. 4, Section 3, effective September 21, 1995. Prior to this amendment, a postconviction relief petition could be filed "any time" after conviction.
[3] R.C. 2953.21 provides in pertinent part:
 (A) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 (2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
* * *
 (E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending. If the court notifies the parties that it has found grounds for granting relief, either party may request an appellate court in which a direct appeal of the judgment is pending to remand the pending case to the court.
* * *
 (G) If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition. * * *