OPINION *Page 2 
{¶ 1} This matter is on appeal from appellant's re-sentencing to impose a term of post release control.
 STATEMENTS OF FACTS AND CASE {¶ 2} On July 9, 1998, appellant, Titus Godbolt, was indicted by the Licking County Grand Jury for having committed one count of felonious assault, wherein the victim was a police officer, in violation of R.C. 2903.11(A)(2), one count of intimidation of a witness in violation of R.C. 2921.04, one count of felony fleeing in violation of R.C. 2921.331, one count of having a weapon under disability, in violation of R.C. 2923.13(A)(2) and/or (A)(3), and one count of tampering with evidence in violation of R.C. 2921.12(A)(1). Each count included a gun specification with the exception of the charge for having weapons under disability.
 {¶ 3} On September 30, 1998, the matter proceeded to trial. Prior to the presentation of evidence the State voluntarily dismissed the intimidation charge. On October 1, 1998, after the presentation of evidence, the jury found appellant guilty on the four remaining charges. The trial court then entered a judgment of conviction and sentenced appellant to an aggregate ten year sentence of imprisonment.
 {¶ 4} On October 14, 1998, appellant appealed his conviction and sentence to this Court. On April 19, 1999, this Court affirmed appellant's conviction and sentence.
 {¶ 5} On March 5, 2002, appellant filed a motion to vacate his conviction and sentence. On March 20, 2002, the motion was denied by the trial court. On April 18, 2002, appellant appealed the trial court's denial of the motion to vacate. On December 2, 2002, this Court affirmed the decision of the trial court. *Page 3 
 {¶ 6} On July 26, 2004, appellant filed a motion for judicial release. On August 27, 2004, the trial court denied appellant's request for judicial release. A second motion for judicial release was filed on December 27, 2005, and was denied by the trial court on February 22, 2006.
 {¶ 7} On April 4, 2007, the State filed a motion to correct appellant's sentence. The matter was heard before the trial court on April 18, 2007. Over the objection of appellant's counsel, the trial court amended appellant's sentence to include a term of post release control upon appellant's release from prison, however, the trial court did not vacate and re-impose a sentence for appellant's convictions. As a result, on April 20, 2007, the trial court issued a nunc pro tunc entry to include the post release control in this sentencing.
 {¶ 8} It is from this entry that appellant now seeks to appeal setting forth the following assignment of error:
 {¶ 9} "THE RESENTENCING OF THE DEFENDANT WAS IN ERROR."
 {¶ 10} In this sole assignment of error the appellant argues that the trial court lacked the authority to re-sentence the appellant to a term of post release control. The State argues that appellant's assignment of error is without merit.
 {¶ 11} A sentence which fails to notify the offender that he or she is subject to post release control is wholly unauthorized and void.State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E. 2d 961. "Because a sentence that does not conform to statutory mandates requiring the imposition of post release control is a nullity and void, it must be vacated. The effect of vacating the sentence places the parties in the same position as they were had there been no sentence"State v. Simpkins, *Page 4 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568 (decided March 20, 2008),Bezak, supra at paragraph 13 citing Romito v. Maxwell (1967),10 Ohio St. 2d 266, 267, 227 N.E.2d 223.
 {¶ 12} "A trial court retains jurisdiction to correct a void sentence and is authorized to do so when its error is apparent." State v.Simpkins supra, citing State v. Cruzado, 111 Ohio St. 3d 353,2006-Ohio-5795, 856 N.E.2d 263 at paragraph 19; State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864 at paragraph 23. Res Judicata does not act to bar a trial court from correcting the error.State v. Simpkins, supra, citing State v. Ramey, Franklin App. No. 06AP-245, 2006-Ohio-6429, at paragraph 12; See also, State v.Barnes, Portage App. No. 2006-P-0089, 2007-Ohio-3362 at paragraphs 49-51; State v. Rodriguez (1989), 65 Ohio App. 3d 151, 154,583 N.E.2d 347. Furthermore, re-sentencing a defendant to add a mandatory period of post release control that was not originally included in the sentence does not violate due process. State v. Simpkins, supra at paragraph 20 of syllabus.
 {¶ 13} "In cases in which a defendant is convicted of, or pleads guilty to, an offense for which post release control is required but not properly included in the sentence, the sentence is void and the state is entitled to a new sentencing hearing in order to have post release control imposed on the defendant unless the defendant has completed his sentence." State v. Simpkins, supra at paragraph 1 of the Syllabus; See also, State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, 856 N.E.2d 263. "In such a re-sentencing hearing, the trial court may not merely inform the offender of the imposition of post release control and automatically re-impose the original sentence. Rather, the effect of vacating the trial court's original sentence is to place the *Page 5 
parties in the same place as if there had been no sentence." State v.Bezak, 114 Ohio St.3d at 95, 2007-Ohio-3250, 868 N.E.2d 961. Thus, the offender is entitled to a de novo sentencing hearing. Id.; See also,State v. Bruner, Ashtabula App. No. 2007-A-0012, 2007-Ohio-4767.
 {¶ 14} In this case, we find the appellant's argument that the trial court lacked the authority to re-sentence the appellant meritless. However, at the time of re-sentencing, Bezak and Simpkins had not been decided. For that reason it appears, and the State concedes, that the trial court did not re-sentence the appellant as if the original sentence was void. For this reason the matter shall be reversed and remanded for de novo sentencing.
 {¶ 15} The judgment of the Licking County Court of Common Pleas is hereby reversed and the matter is remanded for further proceedings consistent with this opinion and in accordance with law.
 Edwards, J. Gwin, P.J. and Delaney, J., concur *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is reversed and remanded. Costs assessed to the State of Ohio. *Page 1