OPINION *Page 2 
{¶ 1} This matter is on appeal from Appellant's re-sentencing to impose a term of post-release control.
 STATEMENTS OF FACTS AND CASE {¶ 2} The instant appeal follows from a negotiated plea and sentencing of Appellant Simon Townsend by the trial court.
 {¶ 3} On December 17, 2004, an indictment was filed charging Simon Townsend with one count of Burglary, one count of Theft of a Firearm and one count of Having Weapons While Under Disability. Firearm specifications were attached to the counts contained in the indictment.
 {¶ 4} On August 4, 2005, Appellant appeared before the trial court and entered pleas of Not Guilty to each count contained in the indictment.
 {¶ 5} On September 27, 2005, Appellant again appeared before the trial court and requested permission to withdraw his previously entered pleas of Not Guilty. Pursuant to a negotiated plea agreement, Appellant entered pleas of Guilty to the indictment.
 {¶ 6} In accordance with the negotiated plea agreement, Appellant pled guilty to one (1) count of Burglary, in violation of Ohio Revised Code § 2911.12(A)(2), a felony of the second degree, with a one (1) year specification to the count, in violation of Ohio Revised Code § 2941.141, one (1) count of Theft of a Firearm, in violation of Ohio Revised Code § 2913.02, a felony of the third degree, and one (1) count of Having Weapons While Under Disability, in violation of *Page 3 
Ohio Revised Code § 2923.13, also a felony of the third degree. The State dismissed the firearms specifications for Counts Two and Three.
 {¶ 7} The trial court adopted the joint sentencing recommendation and sentenced Appellant to five (5) years in a state penal institution for Count One, consecutive to one (1) year on the mandatory firearms specification, consecutive to two (2) years for the theft of a firearm, consecutive to two (2) years for having weapons under a disability, and suspended the prison terms for Counts Two and Three for a five (5) year term of Community Control.
 {¶ 8} Prior to accepting Appellant's plea, the trial court advised Appellant that if convicted, he could be placed on post-release control for a maximum period of three years. (Sent. T. at 13).
 {¶ 9} The trial court failed to advise Appellant that he would be subject to post-release control for five (5) years for the second degree felony Burglary count.
 {¶ 10} No Post-Release Control language was placed in the original sentencing entry. (Judgment Entry filed October 4, 2005).
 {¶ 11} On November 16, 2007, Appellant filed a pro se motion seeking to have his sentence vacated and set aside.
 {¶ 12} On April 28, 2008, the trial court held a hearing on the motion. After considering the arguments of Appellant, the trial court denied Appellant's motion to vacate the original sentence. After said denial, the trial court granted the request of the State to modify the sentence imposed to include a term of post release control. An objection to this modification was placed before the trial court by Appellant. *Page 4 
 {¶ 13} It is from this entry that Appellant now seeks to appeal, setting forth the following assignment of error:
 ASSIGNMENTS OF ERROR {¶ 14} "I. THE ORIGINAL SENTENCING OF THE DEFENDANT-APPELLANT WAS UNCONSTITUTIONAL."
 {¶ 15} "II. THE RESENTENCING OF THE APPELLANT WAS IN ERROR."
 I. {¶ 16} In his first assignment of error, Appellant argues that the sentence imposed on him by the trial court is unconstitutional because it imposed more than the minimum sentence and ordered the sentences to run consecutive to one another. We agree.
 {¶ 17} Appellant argues that his sentence is unconstitutional pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Foster addressed constitutional issues concerning felony sentencing and held that portions of Ohio's felony sentencing framework requiring judicial findings before imposition of more than the minimum, maximum, and consecutive sentences were unconstitutional and void. 109 Ohio St.3d at ¶ 100.
 {¶ 18} As Appellant's original sentence was imposed on September 27, 2005, pre-Foster, Appellant's sentence is based upon an unconstitutional statute which was deemed void. *Page 5 
 {¶ 19} While the trial court did hold a hearing on Appellant's Motion to Vacate his sentence pursuant to Foster, supra, we find the trial court failed to re-sentence Appellant at said hearing.
 {¶ 20} Appellant's first assignment of error is sustained. Accordingly, we vacate Appellant's sentence and remand the matter for re-sentencing in accordance with Foster, supra.
 II. {¶ 21} In his second assignment of error, Appellant argues that the trial court lacked the authority to re-sentence Appellant to a term of post-release control.
 {¶ 22} Appellant argues that the trial court's imposition of post-release control at a later date, after sentencing, violated finality-of-sentencing and double-jeopardy principles and that resentencing him post-Foster violated his due-process rights.
 {¶ 23} Generally, "[o]nce a sentence has been executed, the trial court loses jurisdiction to amend or modify the sentence." State v.Carr, 3d Dist. Nos. 14-05-48 to 14-05-50, 167 Ohio App.3d 223,2006-Ohio-3073, 854 N.E.2d 571, ¶ 3, citing State v. Garretson (2000),140 Ohio App.3d 554, 748 N.E.2d 560; see also State ex rel. Cruzado v.Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18. However, trial courts do retain jurisdiction over their own final judgments in criminal cases under the following exceptions: (1) to correct a void sentence, see Cruzado, at ¶ 19, and Garretson,140 Ohio App.3d at 559, 748 N.E.2d 560, citing State v. Beasley (1984),14 Ohio St.3d 74, 75, 14 OBR 511, 471 N.E.2d 774, and (2) to correct clerical errors in judgment. Cruzado, at ¶ 19; Garretson, 140 Ohio App.3d at 559,748 N.E.2d 560; Crim. R. 36. *Page 6 
 {¶ 24} R.C. § 2929.14(F)(1) provides that if a court imposes a prison term for a felony, the sentence shall include a requirement that the offender be subject to a period of post-release control after the offender's release from imprisonment. R.C. § 2929.19(B)(3) requires that the sentencing court notify the offender that the offender will be supervised under R.C. § 2967.28 after the offender leaves prison. The Supreme Court of Ohio has interpreted these provisions as requiring a trial court to give notice of post-release control both at the sentencing hearing and by incorporating it into the sentencing entry.State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. The trial court must do so regardless of whether the term of post-release control is mandatory or discretionary. Id. at paragraph two of the syllabus; Hernandez v. Kelly,108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 18.
 {¶ 25} A sentence which fails to notify the offender that he or she is subject to post-release control is wholly unauthorized and void.State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E. 2d 961. "Because a sentence that does not conform to statutory mandates requiring the imposition of post-release control is a nullity and void, it must be vacated. The effect of vacating the sentence places the parties in the same position as they were had there been no sentence"State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568
(decided March 20, 2008), Bezak, supra at paragraph 13 citing Romito v.Maxwell (1967), 10 Ohio St. 2d 266, 267, 227 N.E.2d 223.
 {¶ 26} "A trial court retains jurisdiction to correct a void sentence and is authorized to do so when its error is apparent." State v.Simpkins supra, citing State v. Cruzado, 111 Ohio St. 3d 353,2006-Ohio-5795, 856 N.E.2d 263 at paragraph 19; State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864 at paragraph 23. Res *Page 7 
Judicata does not act to bar a trial court from correcting the error.State v. Simpkins, supra, citing State v. Ramey, Franklin App. No. 06AP-245, 2006-Ohio-6429, at paragraph 12; See also, State v.Barnes, Portage App. No. 2006-P-0089, 2007-Ohio-3362
at paragraphs 49-51; State v. Rodriguez (1989), 65 Ohio App. 3d 151, 154,583 N.E.2d 347. Furthermore, re-sentencing a defendant to add a mandatory period of post release control that was not originally included in the sentence does not violate due process. State v. Simpkins, supra at paragraph 20 of syllabus.
 {¶ 27} "In cases in which a defendant is convicted of, or pleads guilty to, an offense for which post-release control is required but not properly included in the sentence, the sentence is void and the state is entitled to a new sentencing hearing in order to have post-release control imposed on the defendant unless the defendant has completed his sentence." State v. Simpkins, supra at paragraph 1 of the Syllabus; See also, State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, 856 N.E.2d 263. "In such a re-sentencing hearing, the trial court may not merely inform the offender of the imposition of post-release control and automatically re-impose the original sentence. Rather, the effect of vacating the trial court's original sentence is to place the parties in the same place as if there had been no sentence."State v. Bezak, 114 Ohio St.3d at 95, 2007-Ohio-3250, 868 N.E.2d 961. Thus, the offender is entitled to a de novo sentencing hearing. Id.; See also, State v. Bruner, Ashtabula App. No. 2007-A-0012, 2007-Ohio-4767.
 {¶ 28} In the case sub judice, the trial court held a hearing on Appellant's motion to vacate his sentence. During said hearing, the State of Ohio made an oral motion for the trial court to notify Appellant of post-release control. The trial court then proceeded to *Page 8 
advise Appellant of his post-release release control requirements. In response to an inquiry by the State, the trial court advised Appellant that the other provisions of the original sentencing entry would remain the same.
 {¶ 29} Moreover, we note that R.C. § 2929.191 requires a trial court, prior to conducting a re-sentencing hearing, to "provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing." R.C. 2929.191(C). In the instant case, the trial court did not provide Appellant with notice of a re-sentencing hearing regarding post-release control. Instead, the trial court granted the state's oral motion to notify Appellant of post-release control during Appellant's hearing on his motion to vacate his sentence. Such a procedure was improper and violated the mandates of R.C. 2929.191(C).
 {¶ 30} While we find that the trial court does have the authority to re-sentence Appellant to a term of post-release control and that the imposition of such post-release control does not violate Appellant's due process rights of finality-of-sentencing or double jeopardy principles, we find that the trial court, in the case sub judice, failed to conduct a complete re-sentencing hearing pursuant to R.C. § 2929.191(C) before issuing its corrective judgment entry under Bezak. Thus, we find the trial court was required to conduct a new, complete resentencing hearing and erred in failing to do so.
 {¶ 31} Appellant's second assignment of error is sustained. *Page 9 
 {¶ 32} For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby reversed and remanded for further proceedings consistent with the law and this opinion.
 Wise, J. Gwin, P. J.,, and Delaney, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
 Costs assessed to Appellee. *Page 1