[Cite as *State v. Irbey*, 2016-Ohio-1393.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-15-1082

     Appellee                             Trial Court No. CR0200902945

v.

Chad Irbey, Sr.                                  **DECISION AND JUDGMENT**

     Appellant                            Decided:  March 31, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Chad Irbey, Sr., pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated pro se appeal from a judgment of the Lucas County

Court of Common Pleas that denied appellant's "Motion to Void Judgment Pursuant to

Civ.R. 60(B)(4), (5) and (6)."  For the following reasons, the judgment of the trial court is

affirmed.

{¶ 2} In March 2010, appellant, Chad Irbey, Sr., entered a plea of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 27 L.Ed.2d 162 (1970), to one count of murder with a firearm specification and one count of aggravated robbery. He was sentenced to a term of imprisonment of 23 years to life. On April 29, 2011, this court affirmed appellant's direct appeal of his sentence and conviction. *State v. Irbey*, 6th Dist. Lucas No. L-10-1139, 2011-Ohio-2079. On November 3, 2014, appellant filed in the trial court his first motion to void his judgment of conviction. The trial court denied the motion on December 17, 2014. On February 19, 2015, appellant filed another motion to void his conviction. A careful review of both motions reveals that the second is nearly identical to the first, the only difference being that attached to the second motion is a file-stamped copy of appellant's indictment containing the signature of the grand jury foreperson in the designated spot. (That copy of the indictment is significant, as one of appellant's arguments on appeal is that his judgment should be vacated because the grand jury foreperson failed to sign the indictment.) The trial court denied appellant's second motion to vacate on February 27, 2015, as an untimely postconviction petition.

{¶ 3} On appeal, appellant presents three assignments of error. Appellant asserts that the trial court abused its discretion when it denied his motion to vacate the judgment, that the indictment was "faulty" because it lacked mens rea language as to the aggravated robbery charge and the jury foreperson did not sign it, and that the trial court lacked subject-matter jurisdiction.

2.

{¶ 4} Appellant argues that the trial court erred by finding his motion to be a petition for postconviction relief under R.C. 2953.21(A)(1). However, Ohio courts have construed post-appeal motions to vacate or void a judgment of conviction on grounds that the indictment was not properly signed by the grand jury foreperson as petitions for postconviction relief. *See, e.g.*, *State v. Cline*, 2d Dist. Champaign No. 2013CA51, 2014-Ohio-4503. The trial court did not abuse its discretion by addressing appellant's motion, despite its caption, as a petition for postconviction relief. Further, Ohio courts have held that the sufficiency of an indictment is not a matter for postconviction relief and that, even if it were, res judicata would preclude such relief. *Cline, supra; State v. Rodriguez*, 65 Ohio App.3d 151, 583 N.E.2d 347 (9th Dist.1989). Because the deficiencies in the indictment alleged by appellant would have been apparent on the face of the record at the time of his conviction and sentence, the trial court properly found that appellant was barred by the doctrine of res judicata from raising those issues—again—in a petition for postconviction relief.

{¶ 5} Lastly, based on the foregoing, appellant's arguments that the trial court lacked subject-matter jurisdiction over his case based on a faulty indictment are without merit.

{¶ 6} On consideration whereof, appellant's first, second and third assignments of error are not well-taken and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

3.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
              JUDGE
Thomas J. Osowik, J.

James D. Jensen, P.J.      _____
CONCUR.             JUDGE

            _____
              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.