[Cite as *State v. Irbey*, 2022-Ohio-4770.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No.  L-22-1044

      Appellee                                 Trial Court No.  CR0200902945

v.

Chad Irbey, Sr.                              **<u>DECISION AND JUDGMENT</u>**

      Appellant                              Decided:  December 29, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Chad Irbey, Sr., pro se.

* * * * *

**DUHART, J.**

**{¶ 1}** This is a pro se appeal filed by appellant, Chad Irbey, Sr., from the

February 15, 2022 judgment of the Lucas County Court of Common Pleas denying his

motion to withdraw plea, motion to vacate firearm specification, and motion to vacate

common law motions.  For the reasons that follow, we affirm the trial court's judgment.

**{¶ 2}** Appellant sets forth four assignments of error:

1. The Trial Court Used the Wrong Standard In Denying Appellant's Post-Sentence Common Law Motion To Withdraw His Guilty Plea.

2. The Trial Court Erroneously Relied Upon Res Judicata To Deny Appellant's Post-Sentence Common Law Motion To Withdraw His Guilty Plea, Which Was Contrary To Law & An Abuse of Discretion-When Appellant Submitted New Evidence De Hors The Record-Thus Res Judicata-Was Not Applicable.

3. The Doctrine of Res Judicata Does Not Bar Or Overcome Irbey's Common Law Motion-Even If Such Pleading Is Deemed A Petition For Post-Conviction Relief-As The Doctrine of Res Judicata Bows To The Ends Of Justice.

4. The Trial Court Never Reached Appellant's Merits As Contained Within His Post-Sentence Common Law Motion To Withdraw His Guilty Plea, Thus Abusing Its Discretion.

**Background**

**{¶ 3}** On September 24, 2009, Kevin Dunklin was robbed and murdered. On October 9, 2009, appellant was indicted on one count of aggravated murder, one count of murder, and one count of aggravated robbery[1] for the robbery and murder of Dunklin.

---

[1] All of the counts contained firearm specifications.

{¶ 4} On March 2, 2010, appellant entered a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 27 L.Ed.2d 162, 91 S.Ct. 160 (1970), to one count of murder and one count of aggravated robbery.

{¶ 5} On April 23, 2010, appellant was sentenced to 15 years to life in prison for murder, three years in prison for the firearm specification, and five years in prison for aggravated robbery. The prison terms were ordered to be served consecutively, for a total prison term of 23 years to life. Appellant appealed. We affirmed. *See State v. Irbey*, 6th Dist. Lucas No. L-10-1139, 2011-Ohio-2079.

{¶ 6} On November 3, 2014, appellant filed, in the trial court, a motion to void his judgment of conviction; the motion was denied. On February 19, 2015, appellant filed a second motion to void his conviction, which was nearly identical to the first motion; the trial court denied the motion as an untimely postconviction petition. Appellant appealed. We affirmed. *See State v. Irbey*, 6th Dist. Lucas No. L-15-1082, 2016-Ohio-1393.

{¶ 7} On November 2, 2016, appellant filed a motion to withdraw guilty plea, in the trial court, claiming he entered the plea "based upon assertions of trial counsel that [appellant] would be given a sentence of 15 years to life." The state filed an opposition arguing appellant's delay in filing the motion precluded a finding of manifest injustice, appellant did not set forth valid grounds for manifest injustice and the motion is barred by the doctrines of res judicata and law of the case.

3.

{¶ 8} On April 1, 2021, appellant filed, in the trial court a motion to vacate firearm specification.  On January 11, 2022, appellant filed in the trial court, his "Brief in Support of * * * 2016 'Motion to Withdraw Guilty Plea' & 2021 'Motion to Vacate' Common Law Motions."  The trial court construed the motions as postconviction petitions and denied them on res judicata grounds on February 15, 2022.  Appellant appealed.

**First Assignment of Error**

{¶ 9} Appellant asserts the trial court erred when it used the wrong standard in denying his post-sentence common law motion.  He submits the proper standard was de novo, not abuse of discretion.  Appellant also argues the court misconstrued the motion as a petition for postconviction relief.

{¶ 10} The state counters since the trial court did not expressly rule on the motion to withdraw plea, it is deemed denied.  The state contends since the motion was deemed denied, appellant could not revive the motion, so there was no error by the trial court.

**Law**

{¶ 11} Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  If a motion to withdraw a plea is filed with the trial court after sentencing, a defendant has the burden to establish the existence of manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the

4.

syllabus.  Whether manifest injustice has occurred is left to the sound discretion of the trial court.  *Id.* at paragraph two of the syllabus.

{¶ 12} "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal."  *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶ 13} Claims presented in support of a post-sentence motion to withdraw a guilty plea, filed after the time for direct appeal and postconviction relief, are barred by the doctrine of res judicata.  *State v. Davis*, 2020-Ohio-4539, 159 N.E.3d 331, ¶ 24-25 (6th Dist.).

{¶ 14} Moreover, Crim.R. 32.1 does not vest jurisdiction in the trial court to determine a motion to withdraw a guilty plea which is filed subsequent to an appeal and an affirmance by the appellate court.  *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978).  Thus, "'a trial court has no authority to even consider a motion to withdraw a plea after a conviction has been affirmed on appeal.'"  (Citation omitted.)  *State v. Caston*, 6th Dist. Erie No. E-11-077, 2012-Ohio-5260, ¶ 10.

## Analysis

{¶ 15} A review of the record shows the trial court did not rule on appellant's motion to withdraw plea when it was initially filed in 2016.  Regardless, we find the trial

court was without jurisdiction to consider the motion to withdraw plea, as it was filed well after appellant's conviction was affirmed on appeal, in 2011.

{¶ 16} The record further reveals the trial court, in its February 15, 2022 finding of facts and conclusions of law, noted appellant's motion to withdraw plea, motion to vacate firearm specification and motion to vacate common law motions were before the court. The trial court determined the motions would be addressed as petitions for postconviction relief, and then decided appellant's claims were barred by the doctrine of res judicata. The trial court also ruled that, even if appellant's claims were not barred by res judicata, the claims fail on the merits because, inter alia, prior to entering his plea, appellant "acknowledged that no one had promised what sentence the court would impose."

{¶ 17} Upon review, we find since the trial court was without jurisdiction to consider appellant's motion to withdraw plea, its denial of the motion to withdraw plea was proper. *See Caston* at ¶ 11. Therefore, appellant's assertions that the trial court used the wrong standard when it denied his post-sentence common law motion and misconstrued the motion as a petition for postconviction relief are without merit. Accordingly, appellant's first assignment of error is not well-taken.

### Second Assignment of Error

{¶ 18} Appellant argues the trial court abused its discretion in denying his brief in support of his motion to withdraw plea by applying the doctrine of res judicata. Appellant claims res judicata does not and could not apply because he made several

6.

averments and statements of facts in his brief which could not have been included in his direct appeal.

{¶ 19} Upon review, based on the law and our finding set forth in the analysis of appellant's first assignment of error, since the trial court was without jurisdiction to consider appellant's motion to withdraw plea, its denial of the motion to withdraw plea was proper, we find appellant's second assignment of error not well-taken.

## Third Assignment of Error

{¶ 20} Appellant argues the trial court denied his brief in support of his motion to withdraw plea due to res judicata.  Appellant contends it would unjust to apply res judicata as it defeats his brief on procedural grounds.  Appellant maintains res judicata doctrine bows to any manifest injustice that could or did potentially occur to a defendant.

{¶ 21} Upon review, based on the law and our finding set forth in the analysis of appellant's first assignment of error, that since the trial court was without jurisdiction to consider appellant's motion to withdraw plea, its denial of the motion to withdraw plea was proper, we find appellant's third assignment of error not well-taken.

## Fourth Assignment of Error

{¶ 22} Appellant argues the trial court never assessed his brief in support of his motion to withdraw plea by applying Crim.R. 11 or 32.1.  Appellant contends the trial court had jurisdiction to rule on the merits of his brief.

7.

**{¶ 23}** Upon review, based on the law and our finding set forth in the analysis of appellant's first assignment of error, that since the trial court was without jurisdiction to consider appellant's motion to withdraw plea, its denial of the motion to withdraw plea was proper, we find appellant's fourth assignment of error not well-taken.

**{¶ 24}** The judgment of the Lucas County Court of Common Pleas is hereby affirmed.  Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____
                                                          JUDGE
Christine E. Mayle, J.

                                              _____
Myron C. Duhart, P.J.                                JUDGE
CONCUR.

                                              _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.