THE STATE OF OHIO, APPELLEE, *v.* DICKENS, APPELLANT.

(No. 4218—Decided November 4, 1987.)

*Gregory A. White,* prosecuting attorney, for appellee.

*Jeffrey F. Kelleher,* for appellant.

MAHONEY, J. William D. Dickens, appellant, challenges an order of the trial court that Dickens be returned to the Ohio State Reformatory. We affirm.

The facts in this matter are undisputed. On June 12, 1986, Dickens pleaded guilty to two counts of aggravated trafficking in violation of R.C. 2925.03(A)(6). On August 14, Dickens was sentenced to serve three to fifteen years in the Ohio State Reformatory on each count. The sentences were to run concurrently

with one another and with two lesser sentences apparently imposed in two other cases. As is required by R.C. 2925.03(C)(5), the trial court ordered that Dickens be actually incarcerated for at least three years.

Pursuant to an affidavit of prejudice that had been filed on August 14, 1986, the Ohio Supreme Court reassigned the matter to another trial judge, Judge Nugent, on September 5, 1986.

On September 25, 1986, the original trial judge made an entry *nunc pro tunc,* amending the August 14, 1986 sentencing order to read:

"Defendant's motion to withdraw his guilty plea is hereby overruled. Defendant in court without counsel for sentencing; defendant sentenced to 1½ years in the Ohio State Reformatory; record. See Journal."

Although the original trial judge appears to have merely intended to amend the entry in order to reflect his denial of Dickens' motion to withdraw his guilty plea, the September 25, 1986 order also imposed a sentence of a mere one and one-half years, well below the mandatory minimum required by law. The records at the Ohio State Reformatory were changed accordingly and the Ohio Adult Parole Authority granted Dickens parole effective April 13, 1987. Consequently, Dickens was released from the Ohio State Reformatory without having served the three years of actual incarceration required by law.

On April 24, 1987, the state filed a motion requesting that Dickens be arrested and returned to the Ohio State Reformatory. In an order dated May 11, 1987, Judge Nugent determined that the original trial judge had no authority to make the *nunc pro tunc* entry after he had been withdrawn from the case and that Dickens had not "served his lawful sentence of incarceration * * * ." The court ordered that Dickens be taken into custody and delivered to the Ohio State Reformatory "for the purpose of serving the balance of his sentence imposed by the court on August 14, 1986." This appeal followed.

## Assignment of Error

"The trial court committed error when it granted the state's 'motion for warrant to arrest and warrant to convey.' "

Dickens characterizes the controversy on appeal in the following manner:

"* * * It should be noted at the outset that the lower court's nunc pro tunc correction of its 1986 judgments and orders is not disputed; the issue is whether appellant's release on parole, although the consequence of sentencing entries later determined to be faulty, can properly be countermanded by order of the sentencing court. * * *"

Dickens does not dispute the fact that he has not served the mandatory minimum sentence required by law. The Ohio Supreme Court has unequivocally stated that "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." *State* v. *Beasley* (1984), 14 Ohio St. 3d 74, 75, 14 OBR 511, 512, 471 N.E. 2d 774, 775. A trial court has authority to correct void sentencing orders. *Id.; Brook Park* v. *Necak* (1986), 30 Ohio App. 3d 118, 30 OBR 218, 506 N.E. 2d 936.

In the case *sub judice,* the September 25th order improperly sentencing Dickens for a term less than that required by R.C. 2925.03 (C)(5) was a "nullity." The Ohio Adult Parole Authority had to rely upon this "nullity" in determining Dickens' eligibility for parole and had no discretion to grant such if Dickens had not served his "minimum term" of incarceration. See R.C. 2967.13. It follows that since Dickens' parole

eligibility was determined based upon a void sentencing order, the decision to grant Dickens' parole was, itself, void.

We do not hold that a sentencing court has authority to tamper with discretionary decisions by the Ohio Adult Parole Authority. However, we find that the trial court in controversy did not do so by ordering that Dickens be returned to the reformatory to complete his minimum term of incarceration.

Dickens also contends that the Lorain County Prosecutor's office had no standing to challenge the decision of the Ohio Adult Parole Authority. In light of the fact that this entire controversy arose from a void order in a criminal case in Lorain County, we do not agree.

### Summary

Dickens' assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and CACIOPPO J., concur.