JOURNAL ENTRY and OPINION
{¶ 1} Appellant Dennis Pointer, appeals pro se, the denial of his post-sentence motion to withdraw his guilty plea. On appeal, he assigns the following errors for our review:
"I. Was defendant given ineffective assistance of counsel.[sic]"
 "II. Did the State breach its contract it made with defendant.[sic]"
 "III. Did the State denied defendant his right to due process.[sic]"
 "IV. Does defendant have a right to withdraw his plea of guilt.[sic]"
 "V. Did the court abuse its discretion by denying defendant motion towithdraw his guilty plea.[sic]"
 {¶ 2} Having reviewed the record and pertinent facts, we affirm the judgment of the court. The apposite facts follow.
 {¶ 3} On August 10, 1993, Pointer pled guilty to one count of murder, for which the trial court imposed a sentence of 15 years to life imprisonment. Pointer also pled guilty to two counts of sexual battery, and the trial court imposed a sentence of two years imprisonment for each count. The sentences were to be served concurrently.
 {¶ 4} The record reveals that Pointer did not file a direct appeal. However, on May 12, 1999, Pointer filed a motion to withdraw his guilty plea, which the trial court denied on May 24, 1999. On August 3, 2004, Pointer filed another motion to withdraw his guilty plea, which the trial court denied. Pointer now appeals.
 {¶ 5} In the caption of his first assigned error, Pointer claims that trial counsel was ineffective. However, Pointer fails to argue this assigned error, and for the following reasons we decline to consider it. App.R. 12(A)(2) states that an appellate court "may disregard an assignment of error presented for review if the party raising it * * * fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 16(A)(3) requires the appellant to include in its brief a statement of the assignments of error presented for review. Assignments of error should designate specific rulings which the appellant wishes to challenge on appeal.[1] An appellate court has the discretion to disregard any error not separately assigned and argued.[2]
Accordingly, we will not address Pointer's first assigned error.
 {¶ 6} For ease of discussion, we will address Pointer's second and third assigned errors together. Pointer contends the State breached the plea agreement, which resulted in the Adult Parole Authority assigning a hearing date that was later than what was agreed upon. We disagree.
 {¶ 7} It has been recognized that plea agreements are essential to the prompt disposition of criminal proceedings.[3] A plea bargain is subject to contract law standards.[4] Because a plea bargain is contractual in nature, we must first examine the nature of the plea agreement to determine what the parties understood at the time of the plea, and determine whether a breach occurred.
 {¶ 8} Here, the record reveals the Cuyahoga County Grand Jury indicted Pointer in three separate cases. In Case No. CR-294529, Pointer was indicted on one count of murder. In Case No. CR-294527, Pointer was indicted on two counts of rape. In Case No. CR-294419, Pointer was indicted on one count each of kidnapping, rape, gross sexual imposition, and sexual battery. Pursuant to a plea agreement, Pointer pled guilty to the murder indictment in the first case. Further, in the second case, the State amended the two counts of rape, and Pointer pled guilty to one count of sexual battery. Finally, the State amended the four-count indictment in the third case, and Pointer pled guilty to one count of sexual battery.
 {¶ 9} The trial court accepted the plea agreement. When a trial court accepts a plea bargain and makes a promise to impose sentence in a certain manner consistent with the agreement, it becomes bound by said promise.[5] However, a review of the record indicates no additional promises were made by either the State or the trial court regarding the plea agreement as outlined above. Once Pointer pled guilty, and the trial court sentenced him, both Pointer and the State had performed their respective parts of the plea agreement. Consequently, no action by the State after this date could have breached the plea agreement.[6]
 {¶ 10} Moreover, Pointer's contention that the Adult Parole Authority breached the plea agreement when it assigned him a parole hearing date that was later than the prison term date agreed upon, is misplaced. The Adult Parole Authority was not a party to the plea agreement. Further, the Adult Parole Authority has wide-ranging discretion in parole matters.[7] Accordingly, Pointer's second and third assigned errors are overruled.
 {¶ 11} In Pointer's fourth and fifth assigned errors, he argues his guilty plea was not knowingly and voluntarily entered, and the trial court abused its discretion in denying his motion to withdraw his guilty plea.
 {¶ 12} It is well established that, pursuant to the doctrine of resjudicata, a defendant cannot raise an issue in a motion for post-conviction relief if he could have raised, or did raise, the issue on direct appeal.[8] Res judicata promotes the principle of finality of judgments by requiring the presentment of every possible ground for relief in the first action.[9]
 {¶ 13} We find that Pointer could have raised the issue of the voluntariness of his guilty plea on direct appeal. Therefore, Pointer is barred by res judicata from raising the issue in this appeal. Accordingly, we overrule Pointer's fourth and fifth assigned errors.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and McMonagle, J., Concurs In Judgment Only
[1] Taylor v. Franklin Boulevard Nursing Home, Inc. (1996),112 Ohio App.3d 27, 32.
[2] Combs Schaefer v. Hoover (Aug. 2, 1999), 12th Dist. No. CA98-05-106.
[3] Santobello v. New York (1971), 404 U.S. 257, 261, 92 S.Ct. 495,30 L.Ed. 2d 427.
[4] State v. McBride, 10th Dist. No. 04AP-282, 2004-Ohio-6257; Walkerv. Ghee, 10th Dist. No. 01AP-960, 2002-Ohio-297.
[5] See State v. Bonnell, 12th Dist. No. CA01-12-094, 2002-Ohio-5882, and United States v. Brummett (C.A.6, 1986), 786 F.2d 720.
[6] State v. McMinn (June 16, 1999), 9th Dist. NO. 2927-M.
[7] State ex rel. Lipschutz v. Shoemaker (1990), 49 Ohio St.3d 88,90.
[8] State v. Reynolds (1997), 79 Ohio St.3d 158, 161, 1997-Ohio-304.
[9] Kirkhart v. Keiper, 101 Ohio St.3d 377, 2004-Ohio-1496, citingNatl. Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62.