JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard on the accelerated calendar pursuant to App. R. 11.1 and Loc. App. R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel. Appellant Samuel L. Tucker argues that the common pleas court should have vacated his sentence because it was illegal under the recent decisions of the U.S. Supreme Court and Ohio Supreme Court in Blakely v. Washington (2004),542 U.S. 296 and State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. We find no error in the court's decision and affirm it.
 {¶ 2} Appellant pleaded guilty to one count of attempted murder and one count of kidnapping. On July 1, 2002, he was sentenced to consecutive terms of ten years' imprisonment on the attempted murder charge and five years' imprisonment on the kidnapping charge. The court of appeals dismissed his appeal from this judgment, and denied his motion to reopen the appeal as well as his motion to file a delayed appeal.
 {¶ 3} On January 19, 2005, appellant filed a motion to vacate his sentence on the ground that it was "contrary to law" under the principles announced in Blakely, supra. The court denied this motion on January 26, 2005. Appellant filed a second motion to vacate or correct his sentence on June 29, 2006 on the same ground, with additional citation and analysis of State v. Foster. The court denied this motion on July 13, 2006. Appellant appeals from this order. *Page 4 
 {¶ 4} In a remarkably well-argued brief, appellant urges that the sentence imposed on him was illegal because it was imposed in violation of constitutional requirements, and that the court had authority to correct an illegal sentence at any time. The three cases appellant cites for this proposition — State v. Thomas (1996), 111 Ohio App.3d 510;State v. Dickens (1987), 41 Ohio App.3d 354; and Brookpark v. Necak
(1986), 30 Ohio App.3d 118 — each hold that a court may resentence an offender in order to impose a punishment which was legally mandated at the time of sentencing.[1] This is a far cry from the remedy appellant seeks here — resentencing based on a change in the law after he was sentenced. "Application of constitutional rules not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system." Teague v. Lane (1989), 489 U.S. 288, 309.
 {¶ 5} Appellant's motion before the trial court must be construed as a petition for post-conviction relief pursuant to R.C. 2953.21. When a criminal defendant, after his convictions become final, files a motion to vacate or correct his sentence on the basis that his constitutional rights have been violated, the motion is a petition for post-conviction relief as defined in R.C. 2953.21. State v. Reynolds (1997),79 Ohio St.3d 158. *Page 5 
 {¶ 6} The motion at issue here was actually appellant's second petition for post-conviction relief. Pursuant to R.C. 2953.23, the common pleas court lacked jurisdiction to entertain such a petition unless both of the following applied:[2]
 {¶ 7} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 8} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." R.C. 2953.23(A)(1).
 {¶ 9} Appellant cannot meet the first of these two conditions. Appellant's claim does not rely on any facts which he may have been unavoidably prevented *Page 6 
from discovering. Furthermore, although appellant's claim is arguably[3] based on the United States Supreme Court's recognition of a new federal right, that right does not apply retroactively to post-conviction relief claims. Both Foster, at Tf 104 and United Statesv. Booker (2005), 543 U.S. 220, 268, expressly held that they applied only to cases on direct review. Contrary to appellant's arguments, they also do not meet the strict requirements of Teague v. Lane (1989),489 U.S. 288, for retrospective application of a new constitutional rule to cases on collateral review.
 {¶ 10} Under Teague, 489 U.S. at 311, a new constitutional rule may apply retrospectively if it either (1) "places `certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe,'" or (2) is a watershed rule of criminal procedure which is implicit in the concept of ordered liberty and which affects the fundamental fairness and accuracy of the criminal proceeding. Because appellant's claim concerns the manner in which his sentence was determined, the first exception is clearly inapplicable. The second exception applies only narrowly to procedures "central to an accurate determination of innocence or guilt." Teague, 489 U.S. at 313. Certainly, the factual basis for *Page 7 
sentencing is not central to a determination of guilt or innocence. Therefore, Blakely and Foster do not apply retrospectively to cases on collateral review.
 {¶ 11} Appellant's second petition for post-conviction relief did not meet any of the exceptions set forth in R.C. 2953.23. Therefore, the common pleas court properly denied the petition. See, e.g., State v.Williams, Franklin App. No. 06AP-842, 2007-Ohio-1015.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, JUDGE
FRANK D. CELEBREZZE, JR., A.J., and MARY EILEEN KILBANE, J., CONCUR
[1] Appellant's citation to R.C. 2953.08(A)(4) is misplaced. That statute allows direct appeals from the sentence imposed on the ground that the sentence is contrary to law. It applies to direct appeals, not to petitions for post-conviction relief such as appellant has filed here.
[2] The other statutory exception, for cases in which DNA evidence establishes actual innocence, is inapplicable to this case. R.C. 2953.23(A)(2).
[3] We say "arguably" because the Supreme Court's decision inBlakely was an extension of its holding in Apprendi v. New Jersey
(2000), 530 U.S. 466, so it is questionable that Blakely establishes a "new" right. On the other hand, at least one federal court has noted that Blakely did establish a "new understanding of `statutory maximum'" as "the maximum [a judge] may impose without any additional findings," and therefore did create a new rule not dictated or compelled byApprendi. United States v. Robledo (S.D. Tex. 2005), 2005 U.S. Dist. LEXIS 43161, adopted by 2006 U.S. Dist. LEXIS 58197. *Page 1