[Cite as *Pointer v. Russo*, 2014-Ohio-3244.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101548**

## DENNIS POINTER, #0169-139

RELATOR

vs.

## HONORABLE JOSEPH RUSSO, JUDGE

RESPONDENT

**JUDGMENT:**
PETITION DISMISSED

Writ of Habeas Corpus
Motion No. 476194
Order No. 476765

**RELEASE DATE:** July 23, 2014

**FOR RELATOR**

Dennis Pointer, pro se
Inmate No. 0169-139
Cuyahoga County Jail
P.O. Box 5600
Cleveland, Ohio   44113


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    James E. Moss
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Dennis Pointer has filed a petition for writ of habeas corpus against respondent Judge Joseph Russo. He seeks an order directing Judge Russo to release him from his incarceration. In addition, Pointer seeks an order directing Judge Russo to vacate his plea and reverse his conviction due to an alleged breach of the plea agreement. Respondent has filed a motion to dismiss, which we grant for the reasons that follow.

{¶2} Pointer recognizes several procedural deficiencies in his petition but has filed a motion for leave to proceed without filing properly notarized affidavits. However, even if these procedural requirements could be waived, the petition is still fatally defective and is without merit.

{¶3} According to the petition, Pointer was convicted of various offenses, including murder, and he is currently serving a prison term of 15 years to life. Pointer complains that an impending sexual classification hearing is in violation of his plea agreement and entitles him to be released from prison.

{¶4} Pointer has failed to attach his commitment papers to his petition as required by R.C. 2725.04(D). A petitioner's failure to attach pertinent commitment papers to the petition renders the petition fatally defective. *State ex rel. McCuller v. Callahan*, 98 Ohio St.3d 307, 2003-Ohio-858, 784 N.E.2d 108. Further, the alleged lack of jurisdiction of a trial court to conduct a sexual classification hearing does not mandate the immediate release of a convict who is serving a prison sentence that has not yet expired. *Id.* at ¶ 3.

{**¶5**} Further, habeas corpus relief is not available where there are other adequate legal remedies available.  *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 186, 652 N.E.2d 746 (1995).   In this case, an appeal will afford Pointer an adequate remedy at law to challenge the authority of the trial court to conduct a sexual classification hearing.

{**¶6**} Accordingly, the petition for writ of habeas corpus is dismissed.   Costs assessed against relator.   The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal.   Civ.R. 58(B).

{**¶7**} Petition dismissed.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN A. GALLAGHER, J., CONCUR