[Cite as *State v. Ratliff*, 2021-Ohio-1187.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

     Plaintiff-Appellee,          :

                                No. 109473

v.                                       :

TERRENCE RATLIFF,                        :

     Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** April 8, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-95-331000-B

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brandon A. Piteo, Assistant Prosecuting Attorney, *for appellee.*

Jerome Emoff, *for appellant.*

MARY J. BOYLE, A.J.:

{¶ 1} Defendant-appellant, Terrence Ratliff, appeals the trial court's judgment resentencing him due to an error in his 1996 sentence. He raises one assignment of error for our review:

Appellant's "re-sentencing" is invalid due to unnecessary delay.

{¶ 2} We find no merit to Ratliff's assignment of error. However, under the authority of *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, we vacate the trial court's resentencing judgment and remand for the trial court to reimpose Ratliff's 1996 sentence.

## I. Procedural History and Factual Background

{¶ 3} In 1996, a jury convicted Ratliff of aggravated murder in violation of R.C. 2903.01, and the trial court sentenced him to "a term of life imprisonment." Ratliff appealed his conviction but did not challenge his sentence. This court affirmed his conviction in May 1997. *State v. Ratliff*, 8th Dist. Cuyahoga No. 70445, 1997 Ohio App. LEXIS 1957 (May 8, 1997).

{¶ 4} On November 8, 2019, Ratliff filed a "motion to vacate void sentence." He argued that his sentence was void because it failed to include parole eligibility after 20 years. On December 2, 2019, without explicitly ruling on Ratliff's motion, the trial court scheduled a resentencing hearing, which took place on January 9, 2020.

{¶ 5} At the resentencing hearing, defense counsel stated that Ratliff believed the trial court had lost jurisdiction to resentence him, and he should therefore be released from prison, because his sentence of "life imprisonment" is void. However, Ratliff confirmed that he had three parole hearings even though his sentence omitted the language of parole eligibility after 20 years. The trial court

resentenced Ratliff to "a prison sentence at the Lorain Correctional Institution of Life. Parole Eligibility After Serving 20 Years."

{¶ 6} It is from this judgment that Ratliff timely appeals. As this appeal was pending, the Ohio Supreme Court released *Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776. This court sua sponte ordered the parties to file supplemental briefs regarding these cases, which they did.

## II. Law and Analysis

{¶ 7} In his sole assignment of error, Ratliff argues that we should vacate his sentence and release him from prison because his sentence imposed in 1996 was unlawful, and the trial court lacked jurisdiction to resentence him in 2020. He contends that the sentence imposed in 1996 in effect did not occur, and on January 9, 2020, the trial court sentenced him "for the first time" nearly 25 years after his conviction.

{¶ 8} Ratliff's argument that his 1996 sentence was void and "never occurred" lacks merit. Ratliff argues his sentence was void on the authority of *State v. Houston*, 8th Dist. Cuyahoga No. 107538, 2019-Ohio-355, in which this court held that a sentencing error rendered the defendant's sentence void and remanded for resentencing. But after *Houston* was decided and the trial court resentenced Ratliff, the Ohio Supreme Court "realigned" its "void-sentence jurisprudence" in *Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784. Under *Harper* and *Henderson*, "sentences based on

an error" are voidable, not void, "if the court imposing the sentence has jurisdiction over the case and the defendant." *Henderson* at ¶ 1; *see also Harper* at ¶ 4. If a sentencing error renders the defendant's sentence voidable, the error must be challenged on direct appeal, or the sentence will be subject to res judicata. *Harper* at ¶ 43. In *Harper* and *Henderson*, the Ohio Supreme Court made clear that voidable sentences cannot be challenged via a postconviction proceeding. *Henderson* at ¶ 1; *see also Harper* at ¶ 5. The court cautioned "prosecuting attorneys, defense counsel, and pro se defendants" that they must challenge sentencing errors on direct appeal from the judgment of conviction. *Harper* at ¶ 43.

{¶ 9} Here, the sentencing court had subject-matter jurisdiction over Ratliff's case and personal jurisdiction over him when it sentenced him in 1996. R.C. 2931.03; *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8 ("[A] common pleas court has subject-matter jurisdiction over felony cases."). Accordingly, Ratliff's 1996 sentence is voidable, not void, and he could not challenge it through a postconviction motion for resentencing. The trial court therefore lacked jurisdiction to resentence Ratliff in 2020, and thus, we must vacate the 2020 resentencing judgment and remand for the trial court to reimpose Ratliff's 1996 sentence.

{¶ 10} Appellant argues that a "strict reading" of *Harper* and *Henderson* requires this court to put a "stamp of approval" on Ratliff's illegal 1996 sentence, which is unjust. He points to Chief Justice O'Connor's concurring in judgment only opinion in *Henderson*, in which Chief Justice O'Connor expressed concern that the

majority opinion in *Henderson* "elevate[s] predictability and finality over fairness and substantial justice." *Henderson* at ¶ 47 (O'Connor, C.J., concurring in judgment only). We agree with the Chief Justice that defendants will "more acutely" feel sentencing errors when those errors result in "unwarranted time incarcerated," and the majority opinion in *Henderson* does not outline a remedy for those defendants who do not discover the sentencing error until after the window for direct appeal has closed. *Id.* at ¶ 48. Chief Justice O'Connor questioned what an appropriate remedy would be in this circumstance under the Ohio Supreme Court's new void-sentence jurisprudence: a habeas petition, a reopened appeal for a claim of ineffective assistance of counsel, or something else? *Id.*

{¶ 11} We echo the Chief Justice's questions and concerns in her concurring in judgment only opinion. But we are constrained to follow the holdings of the majority opinions in *Harper* and *Henderson* that if the sentencing court has jurisdiction over the case and the defendant, a sentencing error renders the court's judgment voidable, not void, and neither the state nor the defendant can challenge the judgment through a postconviction motion. *Harper* at ¶ 4; *Henderson* at ¶ 1.

{¶ 12} Furthermore, even though Ratliff's 1996 sentence incorrectly omitted the parole eligibility language, Ratliff has nonetheless been participating in parole hearings. We agree with the state that even before the trial court corrected Ratliff's sentence, the Department of Rehabilitation and Correction had complied with Ohio Adm.Code 5120-2-10(B), that "[a] sentence of life imprisonment pursuant to section 2929.03 of the Revised Code for the offense of aggravated murder shall be presumed

to be a sentence of life imprisonment with parole eligibility after twenty years[.]" Ratliff stated at the resentencing hearing that he has had three parole hearings even though his sentence did not include the parole-eligibility language, and his next parole hearing is scheduled for April 2021.

{¶ 13} Accordingly, although we overrule Ratliff's assignment of error, we must nonetheless vacate the trial court's resentencing judgment for lack of jurisdiction.

{¶ 14} Judgment vacated and remanded to the trial court to reimpose Ratliff's 1996 sentence.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR