[Cite as *State v. Rogers*, 2021-Ohio-2262.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,        :

    v.                                       :

LEE ROGERS,                           :

    Defendant-Appellant.     :

No. 109805

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 1, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-81-161886-ZA

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Daniel T. Van, Assistant Prosecuting
Attorney, *for appellee.*

Friedman, Gilbert & Gerhardstein and Mary Catherine
Corrigan, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Lee Rogers appeals the trial court's denial of his

motion to correct illegal sentence. Rogers contends that his sentences to consecutive

life terms on two aggravated murder counts are "void" because the trial court imposed sentences of "life imprisonment" on those counts instead of sentences of life imprisonment with parole eligibility after 15 years.

{¶ 2} For the reasons that follow, we affirm the trial court.

**Procedural History and Factual Background**

{¶ 3} On February 4, 1982, a Cuyahoga County jury found Rogers guilty of two counts of aggravated murder in violation of R.C. 2903.01. The charges related to the deaths of two men following a bar fight. The trial court sentenced Rogers to "life imprisonment" on each count to be served consecutively. Rogers appealed his convictions but did not challenge his sentences. In May 1983, this court affirmed his convictions. *State v. Rogers*, 8th Dist. Cuyahoga No. 45684, 1983 Ohio App. LEXIS 15480 (May 26, 1983).

{¶ 4} On January 10, 2020, Rogers, pro se, filed a motion to correct illegal sentence. Citing Ohio Adm.Code 5120-2-10, Rogers argued that his sentences were void because the law in effect at the time of his sentencing required that he be sentenced to "fifteen full years to life" and the trial court "neglected to include parole eligibility" as part of his sentences. He further argued that because the trial court's sentencing entry did not impose a "parole eligible" sentence, the Ohio Parole Board had "no jurisdiction, authority, or discretion to conduct any parole hearings" and that he should, therefore, be released from the "unlawful 'custody,' 'control' and 'restraint'" of the Ohio Department of Rehabilitation & Correction and Ohio Adult Parole Authority. The state opposed the motion, arguing that at the time of Rogers'

sentencing, Ohio law required a sentence of "life imprisonment" on each count and that "when [Rogers] is eligible for parole, based upon the Ohio Administrative Code, does not render [his] sentence void." On June 8, 2020, the trial court denied the motion.

{¶ 5} Rogers appealed, raising the following assignment of error for review:

> The trial court erred by denying the defendant's motion to correct illegal sentence as said sentence is void requiring a resentencing.

**Law and Analysis**

{¶ 6} Rogers argues that his sentences are void because the trial court "failed to journalize [his] parole eligibility pursuant to [Ohio Adm.Code] 5120-2-10(F)" and "impose a term of life imprisonment with parole eligibility after fifteen (15) years."[1] The state maintains that Rogers was properly sentenced in accordance with the relevant sentencing statutes in effect at the time he committed, and was convicted of, the crimes at issue and that the trial court was not required to "journalize the Ohio Administrative Code provision."

{¶ 7} In support of his argument that his sentences are void, Rogers cites this court's decision in *State v. Houston*, 8th Dist. Cuyahoga No. 107538, 2019-Ohio-355, and the Ninth District's decision in *State v. Dickens*, 41 Ohio App.3d 354, 535 N.E.2d 727 (9th Dist.1987).

---

[1] Ohio Adm.Code 5120-2-10(F)(1) currently states, in relevant part: "A prisoner serving a sentence of imprisonment for life for an offense of first degree murder or aggravated murder committed prior to October 19, 1981 * * * [b]ecomes eligible for parole consideration after serving fifteen full years[.]" Its initial effective date was after Rogers' 1982 sentencing.

**{¶ 8}** In *Houston*, the defendant was convicted of one count of aggravated murder with a three-year firearm specification. The trial court sentenced him to life in prison plus three years on the firearm specification, to be served consecutively. *Houston* at ¶ 2. His conviction and sentence were affirmed on direct appeal. *Id.* The defendant filed a motion to vacate his void sentence, which the trial court denied. *Id.* at ¶ 3. The defendant appealed. On appeal, this court held that where the trial court failed to include a reference to "parole eligibility after serving 20 years of imprisonment" in the defendant's sentence as mandated by former R.C. 2929.03(A), the trial court imposed a sentence that "was not authorized by law" and the sentence was, therefore, "contrary to law and void." *Id.* at ¶ 7. This court reversed the "void" sentence and remanded for resentencing. *Id.* at ¶ 11.

**{¶ 9}** In *Dickens*, the defendant was sentenced to serve concurrent three-to-fifteen-year sentences after he pled guilty to two counts of aggravated trafficking in August 1986. As required by statute, the trial court ordered that the defendant be actually incarcerated for at least three years. *Dickens* at 354-355. Approximately a month later, the trial court entered a nunc pro tunc order amending its prior sentencing entry and sentencing the defendant to one and one-half years in the Ohio State Reformatory, below the mandatory minimum required by law. *Id.* at 355. In April 1987, the Ohio Adult Parole Authority granted the defendant parole without his having served the three years of actual incarceration required by law. *Id.*

**{¶ 10}** The state filed a motion requesting that the defendant be arrested and returned to the Ohio State Reformatory. *Id.* The trial court granted the motion,

finding that the original trial judge had no authority to issue the nunc pro tunc entry and that the defendant had not served his lawful sentence. *Id.* The trial court ordered that the defendant be taken into custody to serve the balance of the sentence imposed in August 1986. The defendant appealed. *Id.*

{¶ 11} The Ninth District affirmed the trial court, concluding that the trial court's September 1986 order sentencing the defendant to a term less than that required by statute was void and a "nullity" and that since the defendant's parole eligibility was determined based upon a void sentencing order, the decision to grant the defendant parole was also void. *Id.* at 355-356. The court noted that "[t]he Ohio Supreme Court has unequivocally stated that '[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void'" and that "[a] trial court has authority to correct void sentencing orders." *Id.* at 355, quoting *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984).

{¶ 12} After *Houston* and *Dickens* were decided, the Ohio Supreme Court "realigned" its "void-sentence jurisprudence" in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776. Under *Harper* and *Henderson*, "sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term," are voidable, not void. *Henderson* at ¶ 1; *see also Harper* at ¶ 4. A sentence is void only "if the court imposing the sentence has jurisdiction over the

case and the defendant." *Henderson* at ¶ 1; *see also Harper* at ¶ 4. As the court explained in *Henderson*:

> A judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant. If the court has jurisdiction over the case and the person, any sentence based on an error in the court's exercise of that jurisdiction is voidable. Neither the state nor the defendant can challenge the voidable sentence through a post-conviction motion.

*Henderson* at ¶ 43.

{¶ 13} In *Harper* and *Henderson*, the Ohio Supreme Court made clear that voidable sentences cannot be challenged via a postconviction proceeding. If a sentencing error renders a defendant's sentence voidable, the error must be challenged on direct appeal. *Henderson* at ¶ 1, 27, 43; *see also Harper* at ¶ 4-5, 43 (cautioning "prosecuting attorneys, defense counsel, and pro se defendants" that they must challenge sentencing errors on direct appeal from the judgment of conviction).

{¶ 14} "Based on *Harper* and *Henderson*, the current void-sentence jurisprudence of the Ohio Supreme Court is clear: if the sentencing court has subject-matter jurisdiction over the case and personal jurisdiction over the defendant, any sentencing error renders the court's judgment voidable, not void" and neither the state nor the defendant can challenge the judgment through a postconviction motion. *State v. Stansell,* 8th Dist. Cuyahoga No. 109023, 2021-Ohio-2036, ¶ 11 (en banc) ("so long as the sentencing court has subject-matter jurisdiction over the case and personal jurisdiction over the defendant, any

sentencing error, including the imposition of a sentence that exceeds statutory limitations is not void, but voidable"); *Harper* at ¶ 4-5, 43; *Henderson* at ¶ 1, 27, 43; *see also State ex rel. Romine v. McIntosh,* Slip Opinion No. 2020-Ohio-6826, ¶ 15; *State v. Ratliff,* 8th Dist. Cuyahoga No. 109473, 2021-Ohio-1187, ¶ 8-9, 11; *State v. Walker*, 8th Dist. Cuyahoga Nos. 108752 and 108884, 2020-Ohio-5261, ¶ 23-24, 27, 31; *State v. Starks*, 8th Dist. Cuyahoga No. 109444, 2020-Ohio-4306, ¶ 12-15; *State v. Brooks,* 8th Dist. Cuyahoga No. 2020-Ohio-3286, ¶ 8-9.

{¶ 15} In this case, there is no dispute that the trial court had both subject-matter jurisdiction over Rogers' case and personal jurisdiction over him. R.C. 2931.03; *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8 ("[A] common pleas court has subject-matter jurisdiction over felony cases.").

{¶ 16} Accordingly, even if the trial court had erred in sentencing Rogers, his sentences would be voidable, not void, and Rogers could not challenge them through a postconviction motion for resentencing. *Henderson* at ¶ 1, 27, 40, 43; *Harper* at ¶ 41-43; *Starks* at ¶ 15 ("Even if the trial court had improperly omitted language regarding parole eligibility from [the defendant's] sentences, the sentencing error would render [the] sentences voidable, not void. * * * Thus, [the] sentences could be challenged only on direct appeal.").

{¶ 17} Furthermore, although his sentence did not include parole-eligibility language, Rogers has had parole eligibility hearings. In his motion to correct illegal sentence, Rogers represented that he had participated in at least "half-a-dozen"

parole hearings to date.  Rogers' next parole hearing is currently scheduled for April 2022.

{¶ 18} We overrule Rogers' assignment of error.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

ANITA LASTER MAYS, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR