[Cite as *State v. Echols*, 2022-Ohio-1761.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                           :

    Plaintiff-Appellee,            :

                                  No. 110756

v.                                             :

DERRICK ECHOLS,                          :

    Defendant-Appellant.           :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 26, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-09-521604-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Callista Plemel, Assistant Prosecuting
Attorney, *for appellee.*

Derrick Echols, *pro se.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant Derrick Echols ("Echols") appeals the trial court's denial of his "motion for a new trial to provide a final, appealable order

disposing of all counts and specifications." We affirm the trial court's decision to deny the motion.

## I. Facts and Procedural History

{¶ 2} In 2009, a grand jury indicted Echols on one count of aggravated murder, one count of involuntary manslaughter, three counts of aggravated robbery, and four counts of kidnapping, all with firearm specifications. In 2010, Echols pleaded guilty to one count of involuntary manslaughter and one count of aggravated robbery, both with three-year firearm specifications, and the rest of the counts were nolled.

{¶ 3} In 2013, Echols filed an appeal that was dismissed sua sponte for failure to file a notice of timely appeal. That same year, Echols filed a motion for leave to file a delayed appeal that was denied because there is no provision for delayed appeals in postconviction relief cases, which are civil in nature. On July 8, 2021, Echols filed a motion requesting the trial court to provide a final appealable order disposing of all counts and specifications pursuant to Crim.R. 32(C), and R.C. 2505.02, with a de novo sentencing hearing. On July 16, 2021, the trial court denied Echols's motion. Judgment entry No. 117884379 (July 16, 2021).

{¶ 4} Echols filed this appeal assigning one error for our review:

The trial court abused its discretion and denied appellant his Fourteenth Amendment due process right, and acted in a capricious and arbitrary manner, denying appellant's motion for the trial court to provide him with a final appealable order disposing of all counts

and specifications pursuant to Crim.R. 32(C) and R.C. 2505.02 with de novo sentencing hearing requested.

## II.     Res Judicata and Postconviction Petitions

### A.     Standard of Review

{¶ 5}     Crim.R. 32(C) addresses the judgment of conviction and provides that it shall state the fact of conviction and the sentence.  R.C. 2505.02 addresses final appealable orders.  Here, Echols seeks to use both to either vacate or correct his sentence based on an alleged violation of a constitutional right.  Despite its caption, Echols's motion for the trial court to provide him with a final appealable order, "meets the definition of a motion for postconviction relief set forth in R.C. 2953.21(A)(1)." *State v. Osborn*, 4th Dist. Adams No. 18CA1064, 2018-Ohio-3866, ¶ 7.  A trial court's decision to deny a postconviction petition without a hearing is reviewed under the abuse of discretion standard.  *State v. Crockett*, 8th Dist. Cuyahoga No. 103199, 2016-Ohio-220, ¶ 13, citing *State v. Broom*, 8th Dist. Cuyahoga No. 96747, 2012-Ohio-587, ¶ 13; *State v. Abdussatar*, 8th Dist. Cuyahoga No. 92439, 2009-Ohio-5232, ¶ 15.  "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### B.     Law and Analysis

**{¶ 6}** In Echols's sole assignment error, he argues that the trial court abused its discretion when it denied his postconviction motion for a final appealable order. Echols's claim is barred by res judicata. "'[T]he doctrine of res judicata bars claims that were raised or could have been raised on direct appeal.'" *State v. Johnson*, 2019-Ohio-2332, 138 N.E.3d 560, ¶ 21 (8th Dist.), quoting *State v. Fountain*, 8th Dist. Cuyahoga Nos. 92772 and 92874, 2010-Ohio-1202, ¶ 9. *See also State v. Pointer*, 8th Dist. Cuyahoga No. 85195, 2005-Ohio-3587, ¶ 12 ("It is well established that, pursuant to the doctrine of res judicata, a defendant cannot raise an issue in a motion for post-conviction relief if he could have raised, or did raise, the issue on direct appeal.").

**{¶ 7}** Echols first filed an appeal in 2013, but it was dismissed for failure to timely file a notice of appeal. App.R. 4(A)(1) states, "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." Echols could have raised this issue on direct appeal within 30 days of the judgment, but instead he waited three years from final judgment of the trial court. Echols then filed a postconviction motion with the trial court 11 years after his conviction. "R.C. 2953.21 states that a motion for post-conviction relief must be filed within 180 days after the expiration of the time for filing an appeal." *State v. Baker*, 8th Dist. Cuyahoga No. 78453, 2001 Ohio App. LEXIS 1305, *4 (Mar. 22, 2001).

**{¶ 8}** However,

> [a] petition for post-conviction relief can be considered after the deadline if the petitioner shows (1) he was unavoidably prevented from discovery of the facts upon which his petition is based or the United States Supreme Court has recognized a new right that applies retroactively to appellant; and (2) but for the constitutional error, appellant would not have pleaded guilty. R.C. 2953.23.

*Id.*

**{¶ 9}** The record reveals that Echols has not demonstrated that he was unavoidably prevented from discovery of the facts upon which his petition is based. Additionally, Echols has not shown that the United States Supreme Court has recognized a new right that applies retroactively to him. Echols instead argues that the trial court erred by failing to dismiss or nolle the felony murder specifications associated with his sentence, including the firearm specifications. Echols's argument is without merit.

**{¶ 10}** Reviewing this case, Echols is arguing a sentencing error. "'[S]entences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term,' are voidable, not void." *State v. Rogers*, 8th Dist. Cuyahoga No. 109805, 2021-Ohio-2262, ¶ 12, quoting *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 1; *see also State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 4. "We conclude that sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has

jurisdiction over the case and the defendant." *Henderson*, at ¶ 1. A void judgment is rendered by a court without jurisdiction. *Id.* at ¶ 17. However, Echols is now barred from raising this error by res judicata. *Harper* at ¶ 41.

{¶ 11} "In *Harper* and *Henderson*, the Ohio Supreme Court made clear that voidable sentences cannot be challenged via a postconviction proceeding." *Rogers* at ¶ 13. "If a sentencing error renders a defendant's sentence voidable, the error must be challenged on direct appeal." *Id.*, citing *Henderson* at ¶ 1, 27, 43; *see also Harper* at ¶ 4-5, 43 ("cautioning 'prosecuting attorneys, defense counsel, and pro se defendants' that they must challenge sentencing errors on direct appeal from the judgment of conviction"). *Rogers* at *id.* Therefore, the trial court is without jurisdiction to review Echols's claimed sentencing error.

> A sentence is void when a sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused. When the sentencing court has jurisdiction to act, sentencing errors in the imposition of postrelease control render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal.

*Harper* at ¶ 42.

{¶ 12} Thus, Echols cannot use a postconviction motion to challenge his sentence because his sentence is voidable and should have been challenged on direct appeal. Therefore, Echols's assignment of error is overruled.

{¶ 13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

CORNELIUS J. O'SULLIVAN, JR., J., and
JAMES A. BROGAN, J.,* CONCUR

*(Sitting by assignment:  James A. Brogan, J., retired, of the Second District Court of Appeals.)