[Cite as *State v. Pointer*, 2022-Ohio-1942.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                         :

    Plaintiff-Appellee,           :

                                  No. 110918

    v.                            :

DENNIS POINTER,                        :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 9, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-93-294529-ZA

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Dennis Pointer, *pro se.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Dennis Pointer ("Pointer") appeals the denial of his motion to withdraw his 1993 plea of guilty. Whether construed as a motion to withdraw a guilty plea under Crim.R. 32.1 or a petition for postconviction relief, the

trial court did not err in denying Pointer's motion. We overrule Pointer's assignments of error and affirm the judgment of the trial court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} On August 10, 1993, Pointer pleaded guilty to murder as alleged in the indictment in Cuyahoga C.P. No. CR-93-294529-ZA ("294529"). That same day, the trial court sentenced Pointer to 15 years to life to run concurrently with the sentences imposed in cases Cuyahoga C.P. No. CR-93-294527-ZA ("294527") and Cuyahoga C.P. No. CR-93-294419-ZA ("294419"). In that entry, the trial court also assessed court costs to Pointer.

{¶ 3} Pointer filed a motion to withdraw his guilty plea on August 27, 2021. The trial court denied this motion on September 2, 2021. Pointer contends that Ohio law required the state to pursue any unpaid court costs within ten years of the imposition when he was sentenced. Therefore, Pointer argues that the continued efforts of the state to collect unpaid fees from his 1993 sentence constitute a violation of the prohibition on double jeopardy.

{¶ 4} This is not the first time that Pointer has sought to withdraw his plea. Pointer has filed motions to withdraw his plea of guilty on July 30, 2004; August 3, 2004; February 21, 2014; and April 30, 2014. Indeed, this court previously affirmed the trial court's denial of Pointer's motion to withdraw in a prior opinion. *State v. Pointer*, 8th Dist. Cuyahoga No. 85195, 2005-Ohio-3587, ¶ 13.

{¶ 5} This is also not the first time that Pointer raised the specific complaint concerning the assessment of court costs below. "[Defendant] is [e]ntitled to have

his money back and to withdraw his guilty plea." These motions, however styled, have been denied (the quoted document, filed December 20, 2016, was styled as a motion to vacate or suspend payment of fine and/or court costs). Pointer filed similar motions or complaints about the assessment of court costs on November 21, 2016 and July 27, 2016.

{¶ 6} Nor is the filing before the trial court Pointer's first petition for postconviction relief. This court previously denied postconviction relief for failing to attach the pertinent commitment papers. *Pointer v. Russo*, 8th Dist. Cuyahoga No. 101548, 2014-Ohio-3244, ¶ 4 (*aff'd*, 144 Ohio St.3d 13, 2015-Ohio-2078, 40 N.E.3d 1071, ¶ 5).

{¶ 7} This court has previously dismissed Pointer's mandamus complaint praying that respondents "not place a hold" on his prison account for costs associated with a Franklin County civil action. *Pointer v. Ross Corr. Warden*, 8th Dist. Cuyahoga No. 103376, 2015-Ohio-4692, ¶ 1. This court has also previously denied Pointer's complaint for a writ of precedendo. *Pointer v. Russo*, 8th Dist. Cuyahoga No. 101550, 2014-Ohio-3599, ¶ 4.

{¶ 8} In terms of appeals, this appeal is the third arising from Pointer's conviction in the case below. First, there was case number 77294. *State v. Pointer*, 8th Dist. Cuyahoga No. 77294 (Dec. 17, 1999). This court dismissed that appeal on December 17, 1999. Next, there was case number 85195. *State v. Pointer*, 8th Dist. Cuyahoga No. 85195, 2005-Ohio-3587. In that case, Pointer appealed the trial court's denial of his motion to withdraw his guilty plea under Crim.R. 32.1. This

court affirmed that judgment of the trial court denying postconviction relief on July 25, 2005: "Pointer could have raised the issue of the voluntariness of his guilty plea on direct appeal. Therefore, Pointer is barred by res judicata from raising the issue in this appeal." *Pointer* at ¶ 13.

{¶ 9} In 2014, Pointer moved this court to reopen appeals case numbers 77294 and 85195. This court denied this motion. *Id.* at ¶ 2.

{¶ 10} The most recent motion that resulted in this appeal was filed on August 27, 2019. The trial court denied Pointer's motion.

{¶ 11} On appeal, Pointer filed an "affidavit" attached to his appellate brief. This affidavit was not filed with the trial court. Exhibit B to appellant's "affidavit" indicates that the amount of money at issue is $119.69 as this is the total amount paid to Cuyahoga County. The total amount outstanding for court costs according to this exhibit is $186.00. Pointer appeals and assigns the following errors for our review:

> Assignment of Error 1: The trial court erred by failing to consider the Appellant's present and future ability to pay court cost pursuant to Ohio Revised Code Section 2929.19(B)(5).
>
> Assignment of Error 2: The trial court erred by failing to file findings of facts, and conclusions of law prior to denying appellant motion for post[-]conviction relief.
>
> Assignment of Error 3: The trial court erred by failing to file an evidentiary hearing prior to denying Appellant's motion for post-conviction relief.
>
> Assignment of Error 4: The state breached appellant's plea agreement contract by ordering appellant to pay court cost in violation of O.R.C. Section 2305.14 and separation of powers doctrine.

Assignment of Error 5: The state breached appellant plea agreement contract by acting out-side the scope of their authority by [e]nforcing Ohio Administrative Code Section 5120-5-03; Court order for payment of funds from inmates account: In violation of the separation of power[s] doctrine.

Assignment of Error 6: The state breached appellant plea agreement by acting out-side the statute of limitation to collect court cost pursuant to Ohio Revised Code Section 2305.14 (Ten(10) Barr).

## II. ANALYSIS AND ARGUMENT

{¶ 12} Pointer's first assignment of error contends that the trial court erred in sentencing Pointer insofar as the trial court did not consider his ability to pay court costs before imposing costs. However, Pointer's contention that the trial court erred in failing to consider his ability to pay, much like voluntariness, could have been raised in his previous appeals. "Therefore, Pointer is barred by res judicata from raising the issue in this appeal." *Pointer*, 8th Dist. Cuyahoga No. 85195, 2005-Ohio-3587, at ¶ 13.

{¶ 13} For the remaining assignments of error, Pointer styled his motion before the trial court as a motion to withdraw his guilty plea under Crim.R. 32.1. Pointer filed this motion long after the imposition of the original sentence. As a result, Pointer bears the burden of establishing a manifest injustice entitling Pointer to withdraw his plea. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. "The 'manifest injustice' standard is an extremely high standard, which permits the withdrawal of a guilty plea only in extraordinary cases." *State v. Smith*, 8th Dist. Cuyahoga No. 102495, 2016-Ohio-103, ¶ 14. A manifest injustice is a fundamental flaw in the proceedings that results in a

miscarriage of justice or is inconsistent with the requirements of due process. *State v. McMahon*, 12th Dist. Fayette No. CA2009-06-008, 2010-Ohio-2055, ¶ 6. "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Simmons*, 8th Dist. Cuyahoga No. 91062, 2009-Ohio-2028, ¶ 25. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 14} The requisite showing of manifest injustice must be based on specific facts in the record or supplied through affidavits submitted with the motion. *State v. Hobbs*, 8th Dist. Cuyahoga No. 109706, 2021-Ohio-852, ¶ 6.

{¶ 15} Here, no affidavit was filed with the original motion. The only documents are the original sentencing judgment entries for cases 294527 and 294419 and the Ohio Department of Rehabilitation and Correction explanation which indicated that the money went to the correct location. Appellant filed a handwritten affidavit attached to his brief before this court. However, an affidavit is "a written declaration under oath, made without notice to the adverse party." R.C. 2319.02. "An affidavit may be made in or out of this state before any person authorized to take depositions." R.C. 2319.04.

{¶ 16} Even if we could consider an affidavit filed for the first time on appeal, this document is not an affidavit. *See Toledo Bar Assn. v. Neller*, 102 Ohio St.3d

1234, 2004-Ohio-2895, 809 N.E.2d 1152, ¶ 1 (writing that purported to be signed under penalty of perjury may not be substituted for an affidavit).

{¶ 17} The only documents attached to the motion filed in the trial court were the original judgment entries and the report from the Department of Rehabilitation and Correction that stated that the disputed money order "went to the correct location." Even if appellant could establish that the state's collection of $186 in court costs was wrongful, we have no difficulty in determining that such collection would not be an extraordinary case justifying the withdrawal of a guilty plea nearly thirty years later.

{¶ 18} In the second assignment of error, Pointer contends that the trial court erred in failing to issue findings of fact and conclusions of law. However, "Crim.R. 32.1 does not require a trial court to issue findings of fact and conclusions of law when deciding a postsentence motion to withdraw a guilty plea." *State v. Robinson*, 8th Dist. Cuyahoga No. 110358, 2022-Ohio-82, ¶ 11. Accordingly, the trial court did not err in not issuing findings of fact and conclusions of law.

{¶ 19} In assignment of error No. 3, Pointer contends that the trial court erred in failing to hold an evidentiary hearing. However, "a hearing must only be held if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea." *State v. Rodriguez*, 8th Dist. Cuyahoga No. 103640, 2016-Ohio-5239, ¶ 23. Here, nothing alleged in the motion, even if accepted as true, establishes that Pointer is entitled to withdraw his plea based on a manifest injustice.

{¶ 20} The trial court did not err in denying appellant's motion to withdraw plea.

{¶ 21} In addition, this court's entry of November 2, 2021, construed the motion as a petition for postconviction relief. Even construing the motion below as a petition for postconviction relief does not change this outcome. A petition for postconviction relief must be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]" R.C. 2953.21(A)(2). As noted above, this court dismissed Pointer's first appeal in 1999. To the extent that the filing below should be construed as a petition for postconviction relief it is untimely.

{¶ 22} Presumably, Pointer would contend that his motion is based on facts that he was unavoidably prevented from discovering that the state would seek to recover court costs and so his delayed petition is timely pursuant to R.C. 2953.23(A)(1)(a).

{¶ 23} However, even if we agree that Pointer was unavoidably prevented from discovering that the state would seek to collect the court costs ordered by the trial court in its judgment of conviction, the statute also requires Pointer to establish, by clear and convincing evidence, that "but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense which the petitioner was convicted." R.C. 2953.23(A)(1)(b). The entirety of Pointer's argument is that the state is wrongfully collecting court costs. This does not

establish by clear and convincing evidence that, but for the collection of $186, Pointer would not have pleaded guilty to murder.

{¶ 24} Finally, Pointer contends in assignments of error Nos. 4, 5 and 6 that the state's collection of court costs constituted a breach of the terms of the plea agreement. However, this court has previously determined "that no additional promises were made by either the State or the trial court regarding the plea agreement as outlined above. Once Pointer pled guilty, and the trial court sentenced him, both Pointer and the State had performed their respective parts of the plea agreement." *Pointer*, 8th Dist. Cuyahoga No. 85195, 2005-Ohio-3587, at ¶ 9. Thus, this court has already rejected Pointer's argument that the plea agreement in this case included obligations on the state for conduct after the entry of the plea.

{¶ 25} For the foregoing reasons, Pointer has not shown that the trial court erred in denying his motion and we overrule his assignments of error and affirm the judgment of the trial court.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
LISA B. FORBES, J., CONCUR